# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ROBERT DILLON,<br><br>      Defendant. | 2:19-CR-149-JAD-EJY<br><br>**Preliminary Order of Forfeiture** |

      This Court finds Robert Dillon pled guilty to Counts One and Seven of a Seven-Count Superseding Criminal Indictment charging him in Count One with conspiracy to distribute a controlled substance (fentanyl) in violation of 21 U.S.C. §§ 841(a)(1) and 846 and in Count Seven with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Superseding Criminal Indictment, ECF No. 108; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

      This Court finds Robert Dillon agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegations of the Superseding Criminal Indictment. Superseding Criminal Indictment, ECF No. 108; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

      This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegations of the Superseding Criminal Indictment and the offenses to which Robert Dillon pled guilty.

      The following property is (1) any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924(c)(1)(A) or any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, 21 U.S.C. §§ 841(a)(1)

and 846; (2) any firearm or ammunition intended to be used in any offense punishable under the Controlled Substances Act, 18 U.S.C. § 924(c)(1)(A) and 21 U.S.C. §§ 841(a)(1) and 846; (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of 21 U.S.C. §§ 841(a)(1) or 846; and (4) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1) and 881(a)(2), in violation of 18 U.S.C. § 924(c)(1)(A) and 21 U.S.C. §§ 841(a)(1) and 846 and any proceeds traceable to such property and is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(2); and 21 U.S.C. § 881(a)(11) with 28 U.S.C. §2461(c):

    1. a Jimenez Arms Model J.A. 380, .380 caliber pistol, bearing serial number 417792; and

    2. any and all compatible ammunition

(all of which constitutes property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Robert Dillon in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet

government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> James A. Blum
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED July 11, 2022.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE